FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

2015 JUN 19 P 4: 07

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **M.C. DEAN, INC.**<br>22980 Indian Creek Drive<br>Sterling, VA 20166<br><br>and<br><br>**UNITED STATES OF AMERICA for the use and benefit of M.C. DEAN, INC.**<br>22980 Indian Creek Drive<br>Sterling, VA 20166<br><br>Plaintiffs,<br><br>v.<br><br>**ARCH INSURANCE COMPANY**<br>300 Plaza Three<br>Jersey City, NJ 07311<br><br>Serve: CT Corporation System<br>4701 Cox Road, Suite 285<br>Glen Allen, VA 23060<br><br>and<br><br>**IRONBRIDGE CONSTRUCTION, INC.**<br>13203 N. Enon Church Road, 102 B-Wing<br>Chester, VA 23836<br><br>Serve: David Shane Smith<br>LeClair Ryan<br>Riverfront Plaza, East Tower<br>951 E. Byrd St, 8th Floor<br>Richmond, VA 23219<br><br>Defendants. | Case No. 1:15-cv-786<br>(TSE/MSN) |

## COMPLAINT

For their complaint against Arch Insurance Company ("Arch") and Ironbridge

Construction, Inc. ("Ironbridge"), plaintiffs M.C. Dean, Inc. and the United States of America

for the use and benefit of M.C. Dean, Inc. state as follows:

## PARTIES

1.     M.C. Dean is a Virginia corporation with its principal office located at 22980 Indian

Creek Drive, Sterling, VA 20166.

2.     On information and belief, Arch is an insurance company authorized to transact

business in the Commonwealth of Virginia.

3.     On information and belief, Arch is a Missouri corporation with its principal office

located at One Liberty Plaza, 53rd Floor, New York, NY 10006 and an office located at 300 Plaza

Three, Jersey City, NJ 07311 .

4.     On information and belief, Ironbridge is a Virginia corporation with its principal

office located at 13203 N. Enon Church Road, 102 B-Wing, Chester, VA 23836

## JURISDICTION

5.     This Court has jurisdiction over M.C. Dean's claims against Arch under

40 U.S.C. § 3131 *et seq.* (the "Miller Act").

6.     This Court has jurisdiction over M.C. Dean's claims against Ironbridge under 28

U.S.C. § 1367(a) and/or § 1332(a).

## FACTUAL ALLEGATIONS

7.     On or about September 25, 2012, Ironbridge, as prime contractor, entered into

contract No. HQ0034-08-D-0003 Delivery Order 0020 (the "Prime Contract"), with the United

States Department of Defense Washington Headquarters Services Acquisition and Procurement

Office ("Government") for a construction project designated "Generator Bus Load Shedding –

C8B Abnormal and Basement Segment 1 Mission Critical Power Reconfiguration Project" (the

"Project").

8.    On information and belief, the Prime Contract was in the amount of $4,604,998.

9.    The Project is located in the Commonwealth of Virginia.

10.   On November 30, 2012, M.C. Dean and Ironbridge entered into a Subcontract (the

"Subcontract") for work on the Project.

11.   **Exhibit 1** hereto is a true and accurate copy of the Subcontract.

12.   On October 18, 2012, Arch, as Miller Act surety, issued a payment bond on OMB

from No. 9000-0045 identified as Bond No. SU 1117616 (the "Bond").

13.   The Bond identifies Ironbridge as the principal and identifies the Prime Contract by

its contract number.

14.   **Exhibit 2** is a true and accurate copy of Bond.

15.   The Bond provides, in part: "We, the Principal and Surety(ies) are firmly bound to

the United States of America (hereinafter called the Government) in the above penal sum."

16.   The penal sum indicated on the Bond is $4,604,998.

17.   The Bond provides, in part, that its "obligation is void if the Principal promptly

makes payment to all persons having a direct relationship with the Principal or a subcontractor of

the Principal for furnishing labor, material or both in the prosecution of the work provided for in

the contract identified above and any authorized modifications of the contract that subsequently

are made." The "contract identified above" referred to in this sentence is the Prime Contract.

18. In the Subcontract, M.C. Dean promised to perform certain work (the "Work") for the Project, and Ironbridge promised to pay M.C. Dean for the Work.

19. The Work is generally described in the Subcontract as: "electrical and related work."

20. The Subcontract was for the firm fixed price sum of $3,220,000.00 ("Original Subcontract Price").

21. During the performance of the Subcontract, Ironbridge and M.C. Dean agreed to and executed several agreed change orders (collectively, "Agreed Change Orders"), which, in total, increased the Subcontract Price by $541,953, to $3,761,953.

22. M.C. Dean experienced delays, impacts, and additional costs related to its Work due to IBC's mismanagement of the project ("IBC-caused Impacts").

23. The IBC-caused Impacts include:

   a. IBC interfered with M.C. Dean's work during scheduled power outages;

   b. IBC agreed to implement a more burdensome procedure for requesting power outages (referred to as a Method of Procedure or MOP) than was originally required by the Contract or the Subcontract;

   c. IBC incorrectly accused M.C. Dean of safety violations, leading to work stoppages and further delay;

   d. IBC failed to timely provide an electrical coordination study;

   e. IBC provided only interim coordination studies, which required M.C. Dean to re-do work as changes were made to the coordination study;

   f. IBC failed to present to the Government M.C. Dean's proposed revised outage plan which would have mitigated or eliminated delays on the Project.

- 4 -

- 5 -

24.     As a result of the IBC-caused Impacts, M.C. Dean's performance of the Work under the Subcontract was extended by 245 days.

25.     **Exhibit 3** is a true and accurate copy of a claim letter (together with its attachments) sent by M.C. Dean to IBC on March 19, 2015, setting forth in greater detail M.C. Dean's position regarding the IBC-caused impacts.

26.     M.C. Dean fully performed the Subcontract's Work as impacted by the IBC-caused Impacts.

27.     M.C. Dean incurred field office overhead at a rate of $2,283.00 per day with respect to the Project.

28.     As a result of the IBC-caused Impacts, M.C. Dean incurred a total of $559,335.00 in additional field office overhead; *i.e.* 245 days at $2,283.00 per day.

29.     As a result of the IBC-caused Impacts, M.C. Dean incurred an additional $7,911.45 in direct costs.

30.     The total additional cost to M.C. Dean as a result of the IBC-caused Impacts was $567,246.45

31.     The value of the additional work M.C. Dean performed as a result of the IBC-caused Impacts is $567,246.45.

32.     M.C. Dean is entitled to an increase in the Subcontract Price of $567,246.45 as a result of the IBC-caused Impacts.

33.     Including the Original Subcontract Price, the Agreed Change Orders, and the IBC-caused impacts, the Subcontract Price was increased to a total of $4,329,199 ("Total Subcontract Price").

34.   M.C. Dean fully performed all its Work under the Subcontract.

35.   M.C. Dean last performed work on the Project on March 14, 2015.

36.   M.C. Dean is entitled to payment under the Subcontract of the entire Total Subcontract Price, in the amount of $4,329,199.

37.   Under the Subcontract, the value of the work M.C. Dean has performed to date is $4,329,199.

38.   The value of the labor and/or materials M.C. Dean has furnished for the Project in prosecution of the Prime Contract is $4,329,199.

39.   Ironbridge has paid M.C. Dean only $2,281,143 under the Subcontract.

40.   M.C. Dean has received no payment for the labor and/or materials it furnished for the Project in prosecution of the Prime Contract other than the $2,281,143 paid by Ironbridge.

41.   Under the Subcontract, there is currently due and owing to M.C. Dean at least the sum of $2,048,056 for Work performed, excluding interest and attorneys' fees (the "Subcontract Balance").

42.   M.C. Dean has demanded payment of the Subcontract Balance from Ironbridge.

43.   Ironbridge has not paid the Subcontract Balance to M.C. Dean.

44.   The Subcontract Balance represents money due and owing to M.C. Dean for labor and/or materials that M.C. Dean furnished for the Project in prosecution of the Prime Contract.

45.   Under the Bond, Arch is liable to pay the Subcontract Balance to M.C. Dean.

46.   On January 22, 2015 M.C. Dean demanded payment under the Bond from Arch, in the amount of $1,480,810.14, which amount specifically excluded any claims.

47.     **Exhibit** 4 is a true and accurate copy of an affidavit of claim sent by M.C. Dean to Arch on January 22, 2015.

48.     On March 19, 2015, M.C. Dean sent Arch a copy of the claim letter attached as Exhibit 3.

49.     On April 1, 2015, M.C. Dean demanded payment under the Bond from Arch, in the amount of $2,048,056.23.

50.     **Exhibit** 5 is a true and accurate copy of an affidavit of claim sent by M.C. Dean to Arch on April 1, 2015.

51.     M.C. Dean has fulfilled all conditions precedent and requirements to be paid under the Bond, including the giving of any required notices by the terms of the Bond or the Miller Act.

52.     Arch has no cause to refuse to pay M.C. Dean.

53.     Arch has made no payments to M.C. Dean for M.C. Dean's work on the Project.

## COUNT I
### (BREACH OF CONTRACT – IRONBRIDGE)

54.     M.C. Dean incorporates by reference the allegations of all prior paragraphs of this Complaint as if fully set forth herein.

55.     M.C. Dean and Ironbridge entered into a valid and enforceable Subcontract.

56.     M.C. Dean fully performed its obligations under the Subcontract.

57.     Ironbridge has failed to pay M.C. Dean in full for its Work under the Subcontract.

58.     Ironbridge has breached the Subcontract failing to pay M.C. Dean in full for its Work under the Subcontract.

59.     As a direct and proximate result of Ironbridge's breach of the Subcontract, M.C. Dean has suffered and continues to suffer damages in the principal amount of at least $2,048,056, excluding interest, costs and attorney's fees.

60.     M.C. Dean has incurred and shall continue to incur, substantial costs associated with its attempts to recover losses and/or expenses from Ironbridge.

WHEREFORE, M.C. Dean respectfully requests this Court to enter judgment in its favor and against Ironbridge, in an amount to be determined at trial, but not less than the principal amount of $2,048,056, plus attorney's fees, pre- and post- judgment interest, and such other and further relief as this Court deems proper and just.

## COUNT II
### (MILLER ACT BOND CLAIM - ARCH)

61.     M.C. Dean incorporates by reference the allegations of all prior paragraphs of this Complaint as if fully set forth herein.

62.     Pursuant to, and as required by, the Miller Act, 40 U.S.C. § 3131, *et seq.*, Arch, as Miller Act surety, issued the Bond securing payment to subcontractors and suppliers supplying labor and/or material to the Project under Ironbridge's Prime Contract with the Government.

63.     M.C. Dean qualifies in all respects as a Subcontractor of Ironbridge for purposes of the Miller Act.

64.     M.C. Dean has not been paid in full for the labor and/or materials furnished for the Project in prosecution of the Prime Contract.

65.     There is currently an amount due and outstanding to M.C. Dean of $2,048,056, for labor and/or materials furnished for the Project in prosecution of the Prime Contract.

66.     Arch has breached its obligations to M.C. Dean under the Bond by failing to pay M.C. Dean $2,048,056.

67.     Less than one (1) year has elapsed since M.C. Dean last performed work on the Project and it has been more than 90 days since M.C. Dean has performed the last of the labor or provided the materials for which it claims payment.

68.     M.C. Dean is a proper claimant under the terms of the Bond and Miller Act and has given all notices, if any, required under the Bond or by the Act.

WHEREFORE, M.C. Dean respectfully requests this Court to enter judgment in its favor and against Arch, in an amount to be determined at trial, but not less than the principal amount of $2,048,056, plus attorney's fees, pre- and post- judgment interest, and such other and further relief as this Court deems proper and just.

Respectfully submitted,

Christopher A. Taggi (VSB No. 41953)
CTaggi@asm-law.com
David A. Edelstein (VSB No. 74854)
DEdelstein@asm-law.com
ASMAR, SCHOR & McKENNA, PLLC
5335 Wisconsin Ave., NW, Suite 400
Washington, D.C. 20015
Telephone:   (202) 244-4264
Facsimile:    (202) 686-3567
*Counsel for the Plaintiffs*